HON. GEORGE B. LAKE, CHIEF JUSTICE.
" DANIEL GANTT,
" SAMUEL MAXWELL, } ASSOCIATE JUSTICES.

---

S. B. MILES, PLAINTIFF IN ERROR, v. P. B. MILLER, DEFENDANT IN ERROR.

1. **County Treasurer:** ACTION FOR FEES. When a county treasurer sells lands for delinquent taxes, but fails to collect the amount bid from the purchaser, he cannot maintain an action against the purchaser for the additional fee, provided by the statute, of five per cent in cases of *actual sales*.

ERROR from the district court of Richardson county. Tried below before WEAVER, J. It was an action brought by Miller, as treasurer of that county, to recover of Miles the five per cent fee allowed county treasurers, by section 20 of chapter 22, General Statutes. Judgment was ren-

dered in his favor, and Miles brought the cause here by petition in error.

*J. H. Broady* (with whom was *Reavis* and *Schoen-heit*), for plaintiff in error.

A tax warrant is altogether analogous to an execution, and the county treasurer executing a tax warrant is like a sheriff executing an execution, and no more contracts with the purchaser at sales except to pay the amount bid, than does a sheriff with purchasers at sheriff's sale, and the purchaser at tax sale has no more to do with payment of the collector's fees than the purchaser at sheriff's sale has to do with the sheriff's fees. In either case, it is the person who owes the debt, and whose property is sold, that pays the whole debt and the whole expenses of sale, and the purchaser pays his bid only and nothing else. The petition, therefore, does not state facts sufficient to constitute a cause of action, and the district court should have rendered judgment for the defendant below. *Loomis v. Spencer*, 1 Ohio State, 153. *Thompson v. Kelly*, 2 Id., 647. *Rogers v. Gwinn*, 21 Iowa, 59. *Corbin v. Hill*, Id., 71.

The statute giving an action in the *name of the county* for the *amount bid*, clearly bars such an action as this. Gen. Stat., page 919, section 58.

When the bid is made, and money bid is paid, the bidder is entitled to the certificate of purchase, without any other condition whatever, and without regard to fees of treasurer.

Section 62, page 921, General Statutes, fixes the treasurer's fee for the certificate, but no more states who shall bear the ultimate expense thereof, than does the statute fixing the fees of the sheriff for levying and making return to execution. The certificate of the treasurer is similar to a return of sale on execution, and the confirmation of the sale.

The treasurer's five per cent fee named in section 20, page 382, General Statutes, although its payment to the treasurer is made conditional on his getting it from the buyer, and very properly too, is clearly to come out of the amount bid, that is, out of the land, and the buyer no more has to pay it than the buyer of land at sheriff's sale has to pay the sheriff's commission on the money of the sale. The sales are void because credit was given. Cooley on Taxation, 344. *Cushing v. Longfellow*, 26 Me., 306. *Longfellow v. Quimby*, 29 Id., 196. *Donnel v. Bellas*, 34 Penn. State, 157.

*E. W. Thomas* and *Frank Martin*, for defendant in error, cited *Thomas v. Auditor of Hamilton county*, 6 Ohio State, 118, and the several sections of the statute quoted in the opinion.

MAXWELL, J.

In the conclusion at which we have arrived it is necessary to determine but one question, viz: Can a county treasurer maintain an action of this kind in his own name? Section 58, of the revenue act, Gen. Stat., 919, provides: "Should any person so bidding fail to pay the amount due, the treasurer may again offer the land for sale if the sale has not closed, and if it has closed, he may again advertise it specially and by description, by one written or printed notice, posted for two weeks on the door of the court house, or place where courts are usually held, after which it may be sold at public sale; or the treasurer may recover the amount bid, by civil action brought in the name of the county in which the sale was held."

Section 50 provides: "On the first day of May of the year after taxes shall have been assessed, all unpaid state, county, school, precinct, city and villages, except

city taxes in cities of the first class, shall become delinquent, and shall draw thereafter one per cent per month interest, which interest shall be collected the same as the tax so due; and it shall be the duty of the county treasurer, or any other person charged with the collection of the delinquent taxes, to proceed as soon after the first day of May as practicable to make such delinquent tax out of the personal property of such delinquent, if any such property can be found; and this provision shall apply as well to taxes assessed on real estate, and remaining unpaid, as to delinquent taxes assessed on personal property, and the remedy to be pursued shall be the same as provided in sections forty-nine and fifty-two of this act; and the treasurer shall be entitled to five per cent additional compensation for making such collections, to be paid by such delinquent, and also the fees now prescribed by law."

Section 20, of the act entitled " Fees," Gen. Stat., 382, provides that: " For advertising and selling lands for delinquent tax, an additional fee of five per cent, to be collected only in case such lands are actually sold, and then in cash of the person buying the same; but for all other cases and services, the treasurer shall be paid in the same *pro rata* from the respective funds collected by him, whether the same be in money, state or county warrants."

It is contended that this section gives the treasurer authority to bring an action in his own name for his fees in cases of this kind. It is not claimed that the treasurer has collected or attempted to collect any portion of the amount of the delinquent taxes for which the several tracts of land are said to have been sold to the plaintiff in error; but this action is brought for his fees and charges. Can such an action be maintained? We think not. The fees are to be collected on such lands as are *actually sold*. When are lands actually sold at a tax

sale so as to entitle the treasurer to his fees? Clearly, when the sale is completed; when he has collected from the purchaser the amount of the bid.

The case of *Thomas v. The Auditor of Hamilton County*, 6 Ohio State, 113, is cited by defendant in error to show his right to maintain the action. That was an application for a *mandamus*, to compel the auditor of Hamilton county to draw a warrant upon the county treasury for money therein alleged to belong to the relator, being the treasurer's penalty of five per cent and compensation of five per cent on the taxes of the Ohio Life Insurance and Trust Company, for the years 1852 and 1853, the relator having been treasurer of Hamilton county during those years. The legislature of Ohio passed an act in March, 1853, providing that: "If the taxes remain unpaid until the 21st day of December of any year, the treasurer of the county wherein such taxes have been assessed shall forthwith demand payment of the amount of such taxes, and five per cent penalty thereon, which penalty shall be for the use of the treasurer."

The relator made a demand of the company for the taxes of 1852, after the 21st day of December of that year, and also made demand of the company for the taxes of 1853, after the 21st of December of that year. In the year 1853, one Foote, a citizen of Connecticut, claiming to be a stockholder and trustee of the company, filed a bill in chancery in the circuit court of the United States, to restrain the collection of the taxes due from the company, and obtained a temporary order of injunction thereon. The case was afterwards decided adversely to the company by the supreme court of the United States. The company then came forward and paid their taxes, including the amount of the penalty, H. P. Bowman at the time being treasurer of the county. The court held that the county was not liable for the

penalty, the amount thereof not having .been paid into the treasury; the writ was therefore denied. The court also held that as the penalty of five per cent had accrued to the relator, by reason of his demand of the taxes at the time they became delinquent, but had been collected by Bowman and retained by him, therefore a personal action would lie against him for the recovery of the amount due.

Section 59 of our revenue law requires that: "On or before the first Monday in October, following the sale of real property, the treasurer is required to file in the office of the county clerk of his county, a return of his sale of lands (retaining a copy in his office), showing the lands sold, the names of the purchasers and the sums paid by them, and also a copy of the notice of the sale, with a certificate of the advertisement, verified by an affidavit; and such certificate shall be evidence of the regularity of the proceedings."

These several sections of the statute herein referred to, must be construed together in order to ascertain the intention of the legislature. The treasurer is required by the provisions of section 59, in his report to the clerk of the sale of delinquent lands, to give the names of the purchasers and *the sums paid by them*. This certainly includes the additional fee to which the treasurer is entitled in cases of *actual sales*. The authority given to the treasurer in section 58, to bring suit in the name of the county in which the sale was held, to recover the amount *bid*, includes the additional fee due the treasurer. This additional fee, although primarily paid by the purchaser, becomes a charge against the land, and must be paid by him who seeks to redeem, and should be added to the tax as a charge, and is included in the bid. In the case cited from Ohio the penalty became due, after demand for the taxes being made by the treasurer after the taxes became delinquent.

In this case the treasurer is not entitled to the additional fee until he has made an *actual sale*. As the so called sale has brought nothing into the treasury, it cannot be regarded as an actual sale. In the case of *Kane v. The U. P. R. R.*, decided at the last term of this court, where the treasurer had levied upon personal property for the purpose of selling the same to pay the amount of taxes due, it was held that he was not entitled to five per cent additional compensation where no sale was made.

So far as appears from the record there is nothing to prevent the treasurer from immediately selling the lands in question to another for the amount claimed to be due for delinquent taxes.

It is not the policy of the law to permit public officers to advance their own interests by neglecting their public duties. These additional fees are for services actually rendered, not simply by accepting bids, but by actual sales to collect the delinquent taxes. The sum of $289.00 is charged in the petition for five hundred and seventy-eight certificates. The law provides that "any number of parcels of land bought by any one person may be included in one deed or certificate when desired by the purchaser;" but a certificate can be issued only in cases of actual sale. And as, in our opinion, the case made by the pleadings and proof fails to show an actual sale within the meaning of the statute, there can be no recovery.

The judgment of the district court is reversed and the cause remanded, with instructions to dismiss the cause.

JUDGMENT ACCORDINGLY.